# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case Number: 4:19-cr-00228 |
| § | Judge Mazzant |
| BYRON ALCIDES BERGANZA ESPINA § | |
| | |
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case Number: 4:19-cr-00320 |
| § | Judge Mazzant |
| BYRON JOSE BERGANZA ROQUE § | |
| a.k.a. "Chino" § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is the Government's Motion to Consolidate the case of *United States v. Berganza Espina* (4:19-cr-00228) with the case of *United States v. Berganza Roque* (4:19-cr-00320) (Dkt. #23).[1] Having considered the motion and the arguments made before the Court, the Court finds the motion should be **GRANTED**.

### BACKGROUND

Defendants in these respective cases are a father and son from Guatemala. The father, Defendant Berganza Espina ("Defendant 1"), was a Guatemalan drug trafficker in the late 1990s and early 2000s (Dkt. #23 at pp. 1–2). In 2003, law enforcement used a confidential informant to record Defendant 1's conversation with a co-conspirator, in which the three discussed a drug shipment (Dkt. #23 at p. 2). Later that year, Defendant 1 was arrested and extradited from Guatemala to face drug trafficking charges in the Southern District of New York (Dkt. #23 at p. 2). Though he was sentenced to approximately 21 years imprisonment, he served only seven (Dkt.

---

[1] The motion filed in *United States v. Berganza Roque* (4:19-cr-00320) is under Docket #20. It is identical to the motion the Court discusses in this order.

#23 at p. 2).

The Government claims that Defendant 1 did not cease his drug operations during his time in prison (Dkt. #23 at p. 2). In fact, the Government alleges that, while in prison, Defendant 1 brought his sons into an alleged "family business" (Dkt. #23 at p. 3). Further, when Defendant 1 left prison and returned to Guatemala, he allegedly "resumed his role at the helm of the family drug business" and continued working with his sons, one of whom is Defendant Berganza-Roque ("Defendant 2") (Dkt. #23 at p. 3).

On September 11, 2019, a grand jury charged Defendant 1 with conspiracy to import cocaine into the United States and the manufacturing and distribution of cocaine to be imported into the United States (Dkt. #1). His case was assigned to Judge Sean Jordan in the Eastern District of Texas, Sherman Division. On December 12, 2019, the same grand jury charged Defendant 2 with identical crimes. Defendant 2's case was assigned to the undersigned Court.

On June 11, 2021, the Government filed a notice of case association in each case (Dkt. #7). On August 11, 2021, both Defendants were extradited to the United States. The Government now moves to consolidate the two cases (Dkt. #23). Both parties convened with the Court on October 1, 2021 for a hearing (the "Hearing") on this matter.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure Rule 13 governs whether a "court may order that separate cases be tried together." FED. R. CRIM. P. 13. The court has discretion to order such when, at the outset, "all defendants could have been joined in a single indictment or information." FED. R. CRIM. P. 13. But because Rule 13 provides no independent joinder authority, the court must look to Rule 8(b) to determine "whether the [G]overnment could have satisfied the requirements of Rule 8 if the charges and defendants had been brought as a single proceeding. If the Rule 8

requirements are not satisfied the matters may not be consolidated." 1A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, CONSOLIDATING INDICTMENTS AND INFORMATIONS § 217 (5th ed.); *see also United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985). However, if defendants are not initially joined in a single indictment and joint trial is later sought, "the court has discretion to refuse a joint trial though the requirements of Rule 8[b] and 13 are satisfied." Wright & Miller, *supra* § 217.

Rule 8(b) provides defendants may be tried together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses . . . " FED. R. CRIM P. 8(b). "Whether the counts of an indictment fulfill the 'same series' requirement is determined by examining 'the relatedness of the facts underlying each offense.'" *Harrelson*, 754 F.2d at 1176–77 (quoting *United States v. Gentile*, 495 F.2d 626, 630 (5th Cir. 1974)) "[W]hen the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants . . . is proper." *Id.*

Courts have specifically interpreted Rule 8(b) in the context of alleged conspiracies. Joinder is proper when "conspiracies are substantially interrelated by their facts and participants and [] the conspiracies constitute parts of a single criminal enterprise." *United States v. Gomez*, Nos. 08-CR-49, 08-CR-92, 2008 WL 11429669, at *1 (W.D. Tex. Aug. 14, 2008) (quoting *United States v. Arzate*, Nos. 93-8869, 93-8870, 1995 WL 70616, at *2 (5th Cir. Jan 23, 1995); *see also, e.g.*, *United States v. Merida*, 765 F.2d 1205, 1219 (5th Cir. 1985) ("joinder was proper in this case" because "[a]ll of the diverse transactions were part of a single criminal enterprise designed to produce illicit profits from the importation, manufacture, and distribution of controlled substances"); *Gordon v. United States*, 438 F.2d 858, 878–79 (5th Cir. 1971) (finding joinder is permitted to try separate events together when the substantive offenses alleged in the indictment

fall within the scope of the conspiracy).

Importantly, the Court must heed an additional consideration. "The purpose of [Rule 8(b)] is, in the interest of convenience and expediency, to encourage joint trials." *Gentile*, 495 F.2d at 630. However, the Court must also "limit[] as much as possible the admission at trial of prejudicial evidence against a defendant." *Id.* Thus, even though cases could have been joined at the outset under Rule 8(b)'s "same series" requirement, those cases should not remain joined if a defendant can show the requisite level of prejudice that would prevent joinder of cases under Rule 8(b). *United States v. St. Martin*, 119 F. App'x. 645, 648 (5th Cir. 2005).

Federal Rule of Criminal Procedure 14 provides parties the opportunity to move for severance to protect against prejudicial evidence in joined cases. FED. R. CRIM. P. 14. Courts that address the issue of prejudice in this context, therefore, are most often considering motions to sever under Rule 14, rather than motions to consolidate under Rule 13. Accordingly, on appeal, the Fifth Circuit most often discusses the issue of prejudice in this context when reviewing the denial of a motion to sever.[2] *See, e.g. United States v. Swanson*, 572 F.2d 523, 529 (5th Cir. 1978); *United States v. Berkowitz*, 662 F.2d 1127, 1134 (5th Cir. 1981); *United States v. Hernandez*, 842 F.2d 82, 86 (5th Cir. 1988); *United States v. Rojas-Martinez*, 968 F.2d 415, 419 (5th Cir. 1992). Indeed, each of the cases addressing prejudice that the Government cites in its reply (Dkt. #33) deal with motions to sever. *United States v. Ledezma-Cepeda*, 894 F.3d 686 (5th Cir. 2018); *United States v. Williamson*, 482 F.2d 508 (5th Cir. 1973); *United States v. Williams*, 809 F.2d 1072 (5th Cir. 1987); *United States v. Faulkner*, 17 F.3d 745 (5th Cir. 1994).

A Rule 14 motion to sever is not currently before the Court. The Government has filed a Rule 13 motion to consolidate, which this Court has discretion to grant or deny so long as the cases

---

[2] District court decisions under both Rule 13 motions to consolidate and Rule 14 motions to sever are reviewed for abuse of discretion on appeal. *United States v. Holloway*, 1 F.3d 307, 310 (5th Cir. 1993).

could have been indicted together at the outset under Rule 8(b). Thus, the Court finds it important, though not necessary, to consider whether defendants, when tried together, would be subject to prejudice that necessitates severance.

"Codefendants are entitled to severance when they demonstrate defenses that are antagonistic." *Rojas-Martinez*, 968 F.2d at 419 (citing *Hernandez*, 842 F.2d at 87). "Defenses are antagonistic if they are mutually exclusive or irreconcilable, that is, if the core of one defendant's defense is contradicted by that of a codefendant." *Id.* (citing *United States v. Rocha*, 916 F.2d 219, 231 (5th Cir. 1990), *cert. denied*, 500 U.S. 934 (1991)). The antagonistic defenses standard is high. If it is possible for the jury to believe that one defendant was involved in a conspiracy, while also believing that another defendant was not, the defenses are not mutually exclusive. *See Rocha*, 916 F.2d at 231. Put differently, "the essence or core of the defenses must be in conflict such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *Hernandez*, 842 F.2d at 86 (quoting *United States v. Bruno*, 809 F.2d 1097, 1103 (5th Cir. 1987)).

Having established the relevant legal standard, the Court will address the arguments of the parties.

## ANALYSIS

### I.   Rule 8(b)

As discussed, the Court must first determine whether the cases against Defendants 1 and 2 could have been joined at the outset under Rule 8(b). The parties do not dispute this point. The Government maintains that Defendants are co-conspirators that could have been charged together but were "charged separately so that foreign law enforcement could arrest each without alerting the other to United States charges" (Dkt. #23 at p. 3). At the Hearing, Defendant 2 questioned the Government's decision to charge them separately, asserting that similarly situated defendants are

often charged together with the additional names on the charge redacted. Defendant 1 only addressed the prejudice he would face if the cases were consolidated.

The Court finds the cases could have been joined from the outset. In its indictments, the grand jury charged the Defendants with the same offenses. The Government alleges the Defendants participated in the same series of acts or transactions in the family drug business, and the facts underlying each charged offense stem from this alleged family drug conspiracy. At the Hearing, Defendant 2 disputed his involvement in any of Defendant 1's drug transactions; but "[t]he propriety of joinder under Rule 8 is determined by the initial allegations of the indictment, which are accepted as true absent arguments of prosecutorial misconduct." *Harrelson*, 754 F.2d at 1176. The initial allegations describe a conspiracy between Defendants that constitute parts of a single criminal enterprise—the Berganza family drug business (Dkt. #1).[3]

## II.     Prejudice

Having found the cases may be tried together, the Court must now determine whether the prejudice against one or both Defendants in a joined trial outweighs the interest in the expediency of a single trial. *See Gentile*, 495 F.2d at 630. The Government contends the Defendants' "trials will involve overlapping evidence and witnesses" and "consolidation will preserve government and judicial resources" (Dkt. #23 at p. 4). It further claims that any prejudice asserted by Defendants "fail[] the test for antagonistic defenses" (Dkt. #33 at p. 1). Defendant 1 does not dispute that a single trial would involve overlapping evidence but maintains that Defendant 1 and 2 would have antagonistic defenses because Defendant 2 will testify and "make statements that implicate [Defendant 1] in the narcotics business" (Dkt. #33 at p. 2).

Defendants expanded upon this argument at the Hearing. Defendant 2 claims he, as a young

---

[3] The indictment filed in *United States v. Berganza Roque* (4:19-cr-00320) is under Docket #1. It is identical to that filed in Defendant 1's case.

6

innocent man who has always avoided his father's business, would be overly prejudiced by the incriminating testimony against his father, the head of a Guatemalan drug empire. In fact, Defendant 2 argues, he was only 13-years old when his father was sentenced in the Southern District of New York for his drug crimes. Defendant 2 also claims he will testify as to the murders of his two siblings, which Defendant 1 insists will be detrimentally prejudicial to him if the jury hears such testimony.

The Government responds in two ways. First, it argues these defenses are not so antagonistic that the jury, to believe the core of one defense, must necessarily disbelieve the core of the other. Second, it argues that the Court can impose sufficient, "less drastic measures, such as limiting instructions . . . to cure any risk of prejudice" (Dkt. #33 at p. 2) (quoting *Zafiro v. United States*, 506 U.S. 534, 539–41(1993)). Such limiting instructions, it argues, are favored in the Fifth Circuit (Dkt. #33 at p. 2).

These arguments reveal the importance of the procedural posture for this motion. As mentioned, the Government here relies on a "test" that district courts are required to apply in deciding a motion to sever. The Government correctly argues that the Fifth Circuit applies this test to determine whether the district court should have severed a case. *Ledezma-Cepeda*, 894 F.3d 686; *Williamson*, 482 F.2d 508; *Williams*, 809 F.2d 1072; *Faulkner*, 17 F.3d 745. And on appeal, a defendant does have the burden to show antagonistic defenses. *Williams*, 809 F.2d at 1084. If he cannot meet that heavy burden, the Fifth Circuit will find, as it has in numerous cases, that the district court did not abuse its discretion in denying the motion to sever. *Id.*; *Ledezma-Cepeda*, 894 F.3d 686; *Williamson*, 482 F.2d 508; *Faulkner*, 17 F.3d 745. But there is no strict "test" the district court must apply in deciding a motion to consolidate. Rather, this Court must weigh factors.

The factors here support a joint trial. Consolidation prioritizes expediency and conserves

7

judicial and prosecutorial resources. Further, any prejudice Defendants may face stems from the allegation of the conspiracy itself. Specifically, whether the Court joins or severs the trials, the evidence and witnesses the Government prepares to present will be largely the same because it faces the burden of proving the existence of a conspiracy that Defendants knowingly furthered. And such evidence is conditionally admissible against both Defendants whether they are tried together or separately. *See United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992); *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

The Court's resolution of the Government's Motion for Foreign Deposition (Dkt. #29) illustrates this point. In a subsequent order, the Court will grant the motion to allow foreign deposition, and the Government will make efforts to depose an alleged eyewitness who is incarcerated in Guatemala (Dkt. #29). The Government expects this witness to testify against both Defendants regarding their individual and collective involvements with the drug conspiracy at issue (Dkt. #30). If Defendants are tried together, the Government will produce that testimony once. If they are tried separately, the Government will, expectedly, duplicate this testimony at each trial.

Both Defendants claim prejudices will exist in a joint trial that would not exist in two separate trials. Defendant 2 argued at the Hearing that, when he was just 13-years old, his father was convicted in the Southern District of New York for his major involvement in drug trafficking. At some time after this conviction, two of Defendant 2's siblings were murdered. He intends to testify about these murders and indicate that his father's drug trafficking involvement was a direct cause. This, he claims, will go to show his sincerity in distancing himself from his father's drug business. At the Hearing, Defendant 1 claimed such testimony would markedly prejudice him.

But Defendants do not assert that the Government would not include—or the Court would

8

disallow—such testimony in the occurrence of severed trials. If this testimony is relevant to show a conspiracy between the Defendants, the Court expects the Government would attempt to present it whether the trials are joined or severed.

Defendant 2 also points to prejudice he would face as a reason to deny the motion to consolidate. At the Hearing, the Court directly asked the Government what evidence it has against Defendant 2. The Government pointed to voluminous evidence connected to Defendant 1's involvement in the alleged drug conspiracy. Even though the Government struggled to articulate specific evidence connecting Defendant 2 to this conspiracy, the evidence against Defendant 1 is likely relevant against Defendant 2 for the Government to establish the existence of a conspiracy. Accordingly, whether the trials are joined or separate, the Court expects the Government to present the same evidence against both Defendants, even if the evidence more directly relates to the father's dealings.

Further, the Government correctly notes the Court's ability to decrease prejudice through limiting instructions (Dkt. #33 at p. 2). The Court may "explicitly instruct[] the jury to consider each offense separately and each defendant individually." *United States v. Whitfield*, 590 F.3d 325, 356 (5th Cir. 2009) (citations omitted). Notwithstanding, the Court recognizes that greater prejudice accompanied with a joined trial may become apparent through the discovery process. If at any point "the essence of one defendant's defense is contradicted by [the] co-defendant's defense, then the latter defense can be said to 'preempt' the former." *See Swanson*, 572 F.2d at 529. "This sort of conflict between defendants creates the compelling prejudice that mandates severance." *Berkowitz*, 662 F.2d at 1134. If Defendant 1 or 2 can later show such compelling prejudice in a motion to sever, the Court may reconsider the antagonistic defenses arguments.

At this time, however, the Court finds the Government's interest in the efficiency of a

consolidated trial of alleged co-conspirators outweighs the prejudice Defendants 1 and 2 will face.

## CONCLUSION

It is therefore **ORDERED** that the Government's Motion to Consolidate the case of *United States v. Berganza Espina* (4:19-cr-00228) with the case of *United States v. Berganza Roque* (4:19-cr-00320) (Dkt. #23) is hereby **GRANTED**. The two cases will, therefore, consolidate into the case of *United States v. Berganza Espina* (4:19-cr-00228).

**IT IS SO ORDERED.**
**SIGNED this 22nd day of October, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE